IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                             Case No. 13-20021-01-JWL
                                                                               16-2327-JWL

**Ryan Ridens,**

       **Defendant.**

## MEMORANDUM & ORDER

In April 2014, defendant Ryan Ridens pled guilty to the offense of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) determined that Mr. Ridens was eligible for sentencing under the Armed Career Criminal Act (ACCA), which authorizes an enhanced penalty for a person who violates § 922(g) and has three previous convictions for crimes that meet the definition of a "violent felony." *See* 18 U.S.C. § 924(e). The court sentenced Mr. Ridens to 188 months pursuant to the ACCA. This matter is now before the court on Mr. Ridens' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 65).

In support of his motion, Mr. Ridens contends that, in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), his underlying Missouri burglary conviction no longer qualifies as a violent felony for purposes of the ACCA and the court must vacate his sentence. In response, the government agrees that, in light of *Johnson*, Mr. Ridens' Missouri burglary conviction no longer qualifies as a predicate felony under the ACCA such that Mr. Ridens is entitled to relief. Mr. Ridens' motion to vacate,

then, is granted as unopposed and Mr. Ridens is entitled to resentencing without application of the Armed Career Criminal Act.  Because the parties have notified the court that they have not reached an agreement as to an appropriate sentence for Mr. Ridens, the court will set this matter for resentencing by separate order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ridens' motion to vacate, set aside or correct his sentence (doc. 65) is **granted as unopposed.**   The court will set this matter for resentencing by separate order as soon as practicable.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2016, at Kansas City, Kansas.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge